UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x

EARL JORDAN YAOKASIN, Derivatively on
Behalf of AMBAC FINANCIAL GROUP, INC.,

                    Plaintiff,

      vs.

MICHAEL A. CALLEN, JOHN W. UHLEIN, III,
KEVIN J. DOYLE, GREGG L. BIENSTOCK,
THOMAS J. GANDOLFO, ROBERT G.
SHOBACK, DOUGLAS C. RENFIELD-MILLER,
DAVID W. WALLIS, WILLIAM T. MCKINNON,
SEAN T. LEONARD, JILL M. CONSIDINE,
LAURA S. UNGER, THOMAS C. THEOBALD,
HENRY D.G. WALLACE, PHILIP DUFF, PHILIP
B. LASSITER, ROBERT J. GENADER,
KATHLEEN A. MCDONOUGH, and W. GRANT
GREGORY,

                  Defendants,

     -and-

AMBAC FINANCIAL GROUP, INC., a Delaware
Corporation,

               Nominal Defendant.
———————————————————————— x

Civil Action No. 08 Civ. 1312 (SWK)

ECF Case

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER ACTION FOR COORDINATED PRE-TRIAL PROCEEDINGS

### Background

     On January 16, 2008, a putative shareholder class action, *Reimer* v. *Ambac Financial Group, Inc.*, No. 08 CV 411, was filed in this Court against Ambac Financial Group, Inc. ("Ambac") and certain of its current and former directors and officers.  *See* Ex. 1.[1]  Among

———————————

[1]    All exhibits cited in this memorandum are annexed to the Declaration of Joshua A. Naftalis dated March 10, 2008 (and are cited herein as "Ex.__").

other things, *Reimer* asserts Rule 10b-5 claims arising out Ambac's alleged involvement in writing insurance on collateralized debt obligations ("CDOs"), including those backed by sub-prime mortgage securities (*see, e.g.*, ¶4, ¶25, ¶69) and public disclosures made by Ambac between October 2005 and November 2007, including announcements made on October 24, 2007, November 6, 2007, and November 27, 2007 (*see, e.g.*, ¶¶9-23, ¶¶38-67). The complaint alleges that false and misleading statements by the Ambac defendants resulted in Ambac's stock trading at "artificially inflated prices" (*see, e.g.*, ¶5, ¶70), and alleges that defendants knowingly sold stock at the allegedly inflated prices (*see, e.g.*, ¶26, ¶70). *Reimer* is brought on behalf of purchasers of Ambac's stock between October 19, 2005 and November 26, 2007 (¶1). *Reimer* is assigned to Judge Naomi Reice Buchwald.

Three other putative shareholder class actions that are substantially similar to *Reimer* were later filed: *Babic* v. *Ambac Financial Group, Inc.*, No. 08 CV 1273 (filed on February 7, 2008); *Parker* v. *Ambac Financial Group, Inc.*, No. 08 CV 1825 (filed on February 22, 2008); and *Minneapolis Firefighters' Relief Association* v. *Ambac Financial Group, Inc.*, No. 08 CV 1918 (filed on February 26, 2008). *Babic*, *Parker*, and *Minneapolis Firefighters' Relief Association* were each referred to Judge Buchwald as actions related to *Reimer*, and Judge Buchwald has accepted each of the actions as related. *See* Exs. 2-4. The Court has approved scheduling stipulations in *Reimer*, *Babic*, and *Parker* that, among other things, provide a timetable for the filing of an amended complaint, establish a briefing schedule, and stay discovery pending the determination of defendants' motion to dismiss. *See* Exs. 5-7. A substantially similar stipulation in *Minneapolis Firefighters' Relief Association* has been submitted to the Court for approval. *See* Ex. 8.

The above-captioned action, *Yaokasin* v. *Callen*, No. 08 CV 1312 (filed on Febriary 8, 2008), is a purported derivative action (¶1). *See* Ex. 9. Like *Reimer* (as well as *Babic*, *Parker*, and *Minneapolis Firefighters' Relief Association*), the factual allegations in *Yaokasin* focus on Ambac's alleged involvement in writing insurance on CDOs (*see, e.g.*, ¶¶5-8, ¶82) and public disclosures made by Ambac between October 2005 and the present, including announcements made on October 24, 2007, November 6, 2007, and November 27, 2007 (*see, e.g.*, ¶¶48-79). Like *Reimer*, *Yaokasin* alleges that defendants' false and misleading statements resulted in Ambac's stock trading at "artificially inflated prices" (*see, e.g.*, ¶¶12-13, ¶83, ¶89) and that defendants knowingly sold stock at those allegedly inflated prices (*see, e.g.*, ¶¶12-13, ¶83, ¶89, ¶¶ 126-28). All of the persons who are defendants in *Reimer* are also defendants in *Yaokasin*; in addition, certain other present or former officers or directors of Ambac are defendants in *Yaokasin*.

In addition to *Yaokasin*, two other related shareholder derivative actions have been filed in this Court: *Rubery* v. *Callen*, No. 08 CV 854 (filed on January 24, 2008), and *Clark* v. *Callen*, No. 08 CV 856 (filed on January 24, 2008). *Clark* is currently assigned to Judge Buchwald. *Rubery* is currently assigned to Judge Sidney H. Stein.

On February 5, 2008, defendants by letter advised Judge Stein and Judge Buchwald, as well as the Clerk of the Court, of the relationship between *Reimer* and *Rubery*. *See* Ex. 10.

On February 13, 2008, defendants' counsel and plaintiffs' counsel in *Rubery* entered into a stipulation in *Rubery* providing a timetable for an amended complaint. That stipulation provides that an amended complaint shall be filed 30 days after the amended complaint in *Reimer* is filed. The stipulation also establishes a briefing schedule and stays

discovery pending the determination of defendants' motion to dismiss. The stipulation has been filed with, and is pending before, the Court. *See* Ex. 11.

On February, 15, 2008, defendants informed Your Honor Judge Kram, Judge Buchwald, and Judge Stein, as well as the Clerk of the Court, of the relationship between *Yaokasin*, *Reimer*, *Rubery*, and *Babic*. *See* Ex. 12.

On March 5, 2008, defendants moved to transfer *Rubery* to Judge Buchwald for coordinated pre-trial proceedings. *See* Ex. 13.

The parties have entered into a stipulation that consolidates *Rubery*, *Clark*, and *Yaokasin*, provides a timetable for the filing of an amended and/or consolidated derivative complaint, and establishes a briefing schedule. *See* Ex. 14.

## Discussion

Rule 15 for the Division of Business Among Judges for the Southern District of New York calls for the transfer and coordination of pre-trial proceedings in related cases. Rule 15(a) states:

> Subject to the limitations set forth below, a civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered by the judges of this court in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

Rule 15(c) provides, in relevant part, that "[a]ny party believing its case to be related to another may apply on notice in writing to the judge assigned in its case for transfer to the judge having the related case with the lowest docket number." The *Manual for Complex Litigation* likewise

states that "[a]ll pending related cases or cases that may later be filed in the same court . . . should be assigned at least initially to the same judge." *Manual for Complex Litigation (Fourth)* § 10.123.

      The claims asserted in this action involve common questions of law and fact with *Reimer*, *Babic*, *Parker*, and *Minneapolis Firefighters' Relief Association* (the putative class actions), as well as *Clark* and *Rubery* (the other previously filed shareholder derivative actions). In addition, in all of these cases, the defendants are Ambac and various present or former officers or directors of Ambac. Defendants submit that the transfer of this action for coordinated pre-trial proceedings to Judge Naomi Reice Buchwald — before whom *Reimer* (the first filed case) and other related cases (*Babic*, *Clark*, *Parker,* and *Minneapolis Firefighters' Relief Association*) are pending — is appropriate because (i) a substantial saving of judicial resources would result; (ii) the just efficient and economical conduct of the litigations would be advanced; and (iii) the convenience of the parties or witnesses would be served.

      Defendants seek coordinated pre-trial proceedings, but do not seek consolidation of (i) the shareholder derivative actions with (ii) the putative class actions.

## Conclusion

      For the foregoing reasons, the Court should transfer this action to Judge Buchwald for coordinated pre-trial proceedings with *Reimer* and the other related cases pending before Judge Buchwald. A proposed order is attached hereto as Exhibit A.

-5-

Dated: New York, New York
      March 10, 2008

Respectfully submitted,


WACHTELL, LIPTON, ROSEN & KATZ


By: _____
     Peter C. Hein (PH-5279)
     Warren R. Stern (WS-2957)
     Joshua A. Naftalis (JN-8054)

     51 West 52nd Street
     New York, New York  10019
     Telephone:  (212) 403-1000
     Facsimile:  (212) 403-2000


*Attorneys for Defendants*

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

EARL JORDAN YAOKASIN, Derivatively on      :
Behalf of AMBAC FINANCIAL GROUP, INC.,
                                            :
                        Plaintiff,          :
                                            :
            vs.                             :
                                            :
MICHAEL A. CALLEN, JOHN W. UHLEIN, III,    :
KEVIN J. DOYLE, GREGG L. BIENSTOCK,
THOMAS J. GANDOLFO, ROBERT G.               :
SHOBACK, DOUGLAS C. RENFIELD-MILLER, :
DAVID W. WALLIS, WILLIAM T. MCKINNON,  :     Civil Action No. 08 Civ. 1312 (SRK)
SEAN T. LEONARD, JILL M. CONSIDINE,         :
LAURA S. UNGER, THOMAS C. THEOBALD,         :     ECF Case
HENRY D.G. WALLACE, PHILIP DUFF, PHILIP :
B. LASSITER, ROBERT J. GENADER,
KATHLEEN A. MCDONOUGH, and W. GRANT :
GREGORY,                                    :
                        Defendants,         :
                                            :
            -and-                           :
                                            :
AMBAC FINANCIAL GROUP, INC., a Delaware :
Corporation,                                :
                                            :
                Nominal Defendant.          :

————————————————————————— x

## [PROPOSED] ORDER TRANSFERRING ACTION
## FOR COORDINATED PRE-TRIAL PROCEEDINGS

        Pursuant to Rule 15 for the Division of Business Among Judges for the Southern

District of New York, this Court grants defendants' motion to transfer for coordinated pre-trial

proceedings the above-captioned action "to the judge having the related case with the lowest

docket number" — here, Judge Buchwald, who has the related case with the lowest docket

number: *Reimer* v. *Ambac Financial Group, Inc.*, No. 08 CV 411 (S.D.N.Y.) (NRB). The

transfer of the above-captioned action for coordinated pretrial proceedings is appropriate because

(i) a substantial saving of judicial resources would result; (ii) the just efficient and economical conduct of the litigations would be advanced; and (iii) the convenience of the parties or witnesses would be served.

SO ORDERED:

_____

Dated: New York, New York
_____, 2008